UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALBERICI CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| GARY DAVIS | ) |
| | ) |
| Plaintiff-intervenor | ) |
| | ) |
| vs. | ) No. 4:04-CV-545 CEJ |
| | ) |
| HELEN E. DAVIS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Before the Court is defendant's motion to reconsider the Court's memorandum and order denying defendant's motions to dismiss plaintiff and plaintiff-intervenor's complaints. Plaintiff opposes the motion. Plaintiff-intervenor has not responded, and his time for doing so has expired.

**I. Background**

On February 17, 2005, the Court denied defendant's motions to dismiss plaintiff and plaintiff-intervenor's first amended complaints. The complaints seek declaratory judgment that an order entered in a state court dissolution of marriage proceeding is not a qualified domestic relations order ("QDRO") for ERISA purposes. Defendant argued that this Court lacks jurisdiction to hear the complaints, and she moved to dismiss. However, the Court found that whether an order is a QDRO in accordance with ERISA guidelines is a federal question over which this Court has jurisdiction. Defendant now asks the court to reconsider her motions to dismiss.

**II. Legal Standard**

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir.), cert. denied, 488 U.S. 820 (1988). The motion "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Innovative Home Health Care v. P.T.-O.T. Associates, 141 F.3d 1284, 1286 (8th Cir. 1998) (citations omitted). "A district court has broad discretion in determining whether to grant a motion to alter or amend judgment." Hagerman, 839 F.2d at 413.

**III. Discussion**

In her current motion, defendant argues that the Court failed to address her argument that the plaintiff and plaintiff-intervenor are seeking to alter the state court order and change the property rights the state court granted defendant. Defendant further argues that plaintiff-intervenor's complaint seeks to alter the amount of benefits and require the plan to provide increased benefits to the alternate payee in violation of ERISA, 29 U.S.C. § 1056(d)(3)(D)(ii).[1]

In response, plaintiff Alberici argues that defendant's motion should be denied because: (1) she failed to present new arguments in her motion; (2) she failed to allege misunderstandings by the Court; and, (3) her motion is premature. With respect to its first point, Alberici argues that defendant's motion to reconsider merely rehashes the arguments made in her original motion to dismiss. It relies on Sanders

---

[1] ERISA provides: "A domestic relations order meets the requirements of this subparagraph only if such order -- does not require the plan to provide increased benefits (determined on the basis of actuarial value)." 29 U.S.C. § 1056(d)(3)(D)(ii).

-2-

v. Clemco Industries and Ingersoll-Rand Co., 862 F.2d 161, 170 (8th Cir. 1988), to support its argument that a motion to reconsider must include arguments not previously considered by the Court.  Plaintiff relies on McDaniel v. North American Indemnity, N.V., 2003 WL 21147515, *1 (S.D. Ind.), to support its argument that defendant failed to allege an error of apprehension.  The McDaniel court stated, "Motions to reconsider serve a limited function, to be used where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Id.  In its third point, Alberici argues that defendant's motion is premature.  Plaintiff cites Sanders, 862 F.2d at 168, to support its argument that motions to reconsider are not appropriate until the Court has entered final judgment.

The Court finds that defendant's motion should be denied because it asks for reconsideration of issues that have already been decided on the merits. See Sanders, 862 F.2d at 170 (stating, "[T]he motion raises only issues of law that previously were rejected by the district court, and the district court did not abuse its discretion by subsequently denying relief").  Defendant does not argue that the Court misunderstood her, or made an error of law or fact. See Waste Management of MO, Inc. v. Nichols, 1998 WL 751868, at *1 (E.D. Mo.)  (stating that motions to reconsider are "intended to correct manifest errors of law or fact"); McDaniel, at *1. Defendant merely argues that the Court overlooked one of her arguments, i.e., the motives of plaintiff and plaintiff-intervenor in pursuing this action. This argument, however, was not relevant to the critical issue of jurisdiction that the Court was called upon to decide, nor does it affect the Court's ruling.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to reconsider [#28] the Memorandum and Order entered February 17, 2005, denying defendant's motions to dismiss is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of May, 2005.