```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


ALBERICI CORPORATION,            )
                                 )
          Plaintiff,             )
                                 )
GARY DAVIS                       )
                                 )
     Plaintiff-Intervenor        )
                                 )
          vs.                    )    No.  4:04-CV-545 CEJ
                                 )
HELEN E. DAVIS,                  )
                                 )
          Defendant.             )
```

## MEMORANDUM AND ORDER

Before the Court are the separate motions of plaintiff Alberici Corporation and plaintiff-intervenor Gary Davis for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendant has responded to the motions, and the issues have been fully briefed.

Alberici brings this action against defendant Helen Davis pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, and the Declaratory Judgment Act, 28 U.S.C. § 2201. Alberici and Gary Davis seek a declaration that the "Amended Qualified Domestic Relations Order" entered in connection with a state dissolution of marriage action involving Mr. and Mrs. Davis is not a qualified domestic relations order ("QDRO") under either ERISA or the Alberici Companies Retirement Plan. Alberici and Mr. Davis further seek to enjoin defendant from pursuing claims that the document at issue is a QDRO.

## I. Background

Plaintiff Alberici is the plan administrator of the Alberici Companies Retirement Plan (the "Plan"). Plaintiff-intervenor Gary Davis is employed by Alberici and is a participant in the Plan. In October 2001, the St. Louis County (Missouri) Circuit Court issued a decree dissolving the marriage of Gary Davis and Helen Davis. In the decree, the court set forth a formula by which each party's share in Mr. Davis's retirement account was to be calculated. The judgment in the dissolution of marriage action was affirmed on appeal.

On April 15, 2004, a "Qualified Domestic Relations Order" was entered by the St. Louis County Circuit Court. On May 5, 2004, Alberici filed this lawsuit seeking a declaration that the April 15 order was not a QDRO as defined in ERISA. On June 3, 2004, the St. Louis County Circuit Court issued an "Amended Qualified Domestic Relations Order." Paragraph 2(f) of the Amended Order provides as follows:

> The Decree of Dissolution of Marriage provides that the Alternate Payee shall be entitled to receive 50% of $584,172.00 multiplied by the Participants [sic] years in the Plan as of the date of the Decree of Dissolution of Marriage (21.25 years) divided by 6.8 years.

Thereafter, Alberici amended its complaint to allege that the Amended Order is not a QDRO as defined in ERISA because it requires the Plan to pay Mrs. Davis an amount greater than the amount to which Mr. Davis is entitled. Alberici asserts that its compliance with the Amended Order would be in violation of ERISA and would cause the Plan to be disqualified under 26 U.S.C. § 401(a) of the

Internal Revenue Code. Mr. Davis makes the same assertions in his amended complaint.

In its motion for summary judgment, Alberici asserts that the sole question before the Court is whether the Amended Order is a QDRO. Mr. Davis has adopted Alberici's suggestions in support of summary judgment.

**II. <u>Legal Standard</u>**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. <u>Agristor Leasing v. Farrow</u>, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986); <u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-587 (1986); Fed. R. Civ. P. 56(c). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e).

Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

**III. Discussion**

ERISA recognizes QDROs as an exception to the general rule that pension plan benefits may not be assigned or alienated. A QDRO is a domestic relations order "which creates or recognizes the existence of an alternate payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable with respect to a participant under a plan." 29 U.S.C. § 1056(d)(3)(B)(i)(I). For an order to be a QDRO under ERISA it cannot "require the plan to provide increased benefits (determined on the basis of actuarial value)." § 1056(d)(3)(D)(ii). Under ERISA, the plan administrator has the responsibility to establish procedures to determine the qualified status of a domestic relations order. § 1056(d)(3)(G).

At the time the marriage dissolution decree was entered, the state court valued Mr. Davis's retirement plan account at $584,172.00.[1] The dissolution decree used the following formula to determine Mrs. Davis's entitlement to Mr. Davis's retirement plan: "one-half (½) of $584,172.00 x Respondent's [Mr. Davis's] years in

---

[1] The state court dissolution decree used the amount $584,172.00. However, the affidavit of J. William Ernstrom, general counsel of Alberici Group, states that Mr. Davis's account was valued at $538,072.52 on the date closest to October 21, 2001, the date of the dissolution decree. This creates an unexplained discrepancy of $1,099.48.

-4-

the plan divided by 6.8 years of marriage." The decree used the same formula, with slightly different wording, to determine Mr. Davis's share of his Plan account.[2] The Amended Order, in accordance with the dissolution decree, used the same formula, giving 21.25 as the number of years Mr. Davis had participated in the Plan, to determine Mrs. Davis's award from Mr. Davis's Plan account. The computation of this formula yields a sum of $912,768.75.

In its summary judgment motion, Alberici argues that the Amended Order is not a QDRO because it requires it to pay Mrs. Davis amounts in excess of Mr. Davis's Plan account balance. Mrs. Davis argues that a disputed factual question exists as to whether the Amended Order *requires* plaintiff to pay an increased benefit. She argues that a factual dispute exists over the interpretation of the Plan. The parties also dispute the meaning of the parenthetical in the phrase "increased benefits (determined on the basis of actuarial value)" found in ERISA. 29 U.S.C. § § 1056(d)(3)(D)(ii).

---

[2]The dissolution decree award of retirement plans to Mrs. Davis, which differs only slightly in wording as to Mr. Davis, is as follows:
> Retirement Plans – Petitioner shall have as her sole and separate property 50% of 21.5 years of service divided by 6.8 years of marriage with regard to the Boeing monthly pension value plan. Petitioner shall further have as her sole and separate property as regards Respondents [sic] J.S. Alberici Construction Company retirement plan one-half (½) of $584,172.00 x Respondent's years in the plan divided by 6.8 years of marriage.

-5-

The Court finds that the Amended Order lacks the specificity and clarity that ERISA requires for an order to qualify as a QDRO. The statute states that a domestic relations order meets ERISA requirements only if it "clearly specifies . . . (ii) the amount or percentage of the participant's benefits to be paid by the plan to each such alternate payee, or the manner in which such amount or percentage is to be determined, (iii) the number of payments or period to which such order applies." 29 U.S.C. § 1056(d)(3)(C). The Amended Order's formula would cause the Plan to pay at least *all* of Mr. Davis's benefits to Mrs. Davis. This is problematic because the dissolution decree includes the same formula to determine the benefits Mr. Davis is entitled to receive from his Plan account. The Amended Order states that it is being issued in accordance with the marriage dissolution decree. By repeating the formula for both husband and wife, the dissolution decree makes it clear that the state court intended to award Mr. Davis and Mrs. Davis equal shares of Mr. Davis's retirement account. However, the formula is unclear and contradicts the state court's intentions.

The Amended Order is also unclear because it does not specifically state the number of payments to be made to Mrs. Davis, the distribution method, or the time period for which the order applies. See Stahl v. Exxon Corp., 212 F.Supp.2d 657, 668 (S.D. Tex. 2002) (finding that a proposed QDRO did not meet the ERISA requirements partially because it did not specifically state the distribution method). The fact that Mrs. Davis makes suggestions

as to how the monies can be paid to her indicate the Amended Order's lack of specification and clarity.

Mrs. Davis argues that factual questions exist as to the reasons Alberici contends the Plan is required to pay her increased benefits. The Court finds that this is an issue of law, not an issue of fact. Mrs. Davis acknowledges in her brief that the formula yields the figure of $912,768.75. She also acknowledges that this amount is at least $328,596.75 more than the amount in Mr. Davis's Plan account at the time of the dissolution decree. Because the Amended Order is a court order, the Plan is required to follow it. These are the facts, and there is no dispute as to their existence. The only issue is whether the Amended Order violates ERISA, and that is a matter of law.

Mrs. Davis also contends that the parenthetical portion of the phrase "increased benefits (determined on the basis of actuarial value)" means that the ERISA language prohibiting increased benefits only applies when the benefit distribution formula was based on actuarial value. The Court disagrees. The language instructs plan administrators and reviewing courts to use actuarial value to determine whether the benefits have been increased. At the time of the dissolution decree, the value of Mr. Davis's Plan account was about $584,172. For Mrs. Davis to be awarded more than this amount, an explanation, such as the consideration of interest rates or mortality, is needed. No such explanation is found, nor is there an explanation for the formula. As Mrs. Davis states in her brief, the Amended Order's formula was not computed based on

actuarial value.  The state court did not include actuarial principles in the formula or elsewhere in its order.  The formula was based on Mr. Davis's years in the Plan at the time of dissolution and the length of the marriage.  Because the Amended Order and the formula therein failed to consider actuarial principles, the increase that the computation of the formula provides is unexplained and is in violation of ERISA.

Finally, Mrs. Davis contends that if Mr. Davis's account does not contain the sum granted to her by the Amended Order's formula, then Alberici should immediately transfer all of the monies in Mr. Davis's account to her.  As additional monies accrue from Mr. Davis's employment, defendant argues, Alberici should transfer those amounts to her as "future payments" until the sum calculated by the formula has been met.  This argument further illustrates to the Court that Mrs. Davis seeks increased benefits and that the Amended Order awards her such.[3]  Mrs. Davis has no entitlement to monies accrued in Mr. Davis's retirement Plan account after the date of the dissolution decree because such monies are not marital property.  See Mo. Rev. Stat. § 452.330.3 (stating that marital property is property acquired subsequent to marriage and prior to

---

[3]Mrs. Davis also argues that the Amended Order's language that it is not "intended to require" the provision of increased benefits negates Alberici's argument that the state court order requires the Plan to pay increased benefits.  Despite this boilerplate language, the formula provides, in actuality, an award to Mrs. Davis that is an increase over and above Mr. Davis's account.

the decree of dissolution). No award of maintenance was made to either party.

The Court finds that no factual dispute exists as to the interpretation of the Amended Order, the Plan or ERISA. It is clear that the Amended Order would require Alberici to pay Mrs. Davis benefits in excess of the amount in Mr. Davis's retirement account. Thus, the Amended Order violates ERISA and is not a QDRO. The Court will grant summary judgment in favor of plaintiff and plaintiff-intervenor.

Accordingly,

**IT IS HEREBY ORDERED** that the motions of plaintiff and plaintiff-intervenor for summary judgment [##35, 37] are **granted**.

**IT IS FURTHER ORDERED** that defendant is enjoined from pursuing claims that the Amended Order is a qualified domestic relations order in compliance with ERISA.

A separate judgment in accordance with this memorandum and order will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 6th day of December, 2005.