UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALBERICI CORPORATION, | ) |
| Plaintiff, | ) |
| GARY DAVIS | ) |
| Plaintiff-intervenor | ) |
| vs. | ) No. 4:04-CV-545 CEJ |
| HELEN E. DAVIS, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is the motion of plaintiff-intervenor Gary Davis for an award of attorneys fees. Defendant Helen Davis has filed a memorandum in opposition.

### I. Background

Plaintiff Alberici Corporation ("Alberici") brought the above-styled action against defendant Helen Davis pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, and the Declaratory Judgment Act, 28 U.S.C. § 2201. Alberici and plaintiff-intervenor Gary Davis sought a declaration that the "Amended Qualified Domestic Relations Order" ("Amended Order") issued in accordance with a state dissolution of marriage action involving Mr. and Mrs. Davis was not a qualified domestic relations order ("QDRO") under either ERISA or the Alberici Companies Retirement Plan. Alberici and Gary Davis further sought to enjoin defendant from pursuing claims that the Amended Order was a QDRO. On December 5, 2005, this Court granted summary judgment in favor of plaintiff and plaintiff-intervenor.[1] On July 6, 2006, the Eighth

---

[1] A full discussion of the background of this case can be found in the Memorandum and Order filed on December 5, 2005.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Circuit Court of Appeals affirmed the judgment under 8th Cir. R. 47B. Alberici Corporation v. Davis, No. 06-1009 (8th Cir. July 6, 2006)(*per curiam)* (unpublished opinion).

## II. Discussion

Pursuant to 29 U.S.C. § 1132(g)(1), the Court may allow reasonable attorneys' fees and costs of action to either party in an ERISA action brought by a participant, beneficiary, or fiduciary. Whether or not to award attorneys' fees is discretionary. Lawrence v. Westerhaus, 749 F.2d 494, 495 (8th Cir. 1984). In exercising its discretion, the court should consider:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties could deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

Id. at 496 [*quoting*, Iron Workers Local No. 272 v. Bowen, 622 F.2d 1255, 1256 (5th Cir. 1980)].

The courts are not obligated to apply these factors in a rote fashion; rather, they are general guidelines and "facilitat[e] meaningful appellate review." Martin v. Arkansas Blue Cross & Blue Sield, 299 F.3d 966, 972 (8th Cir. 2002) (en banc). The absence of a presumption in favor of awarding fees to prevailing parties does not fatally impair the ability of ERISA plaintiffs to obtain attorneys' fees. Id.

The first Westerhaus factor requires the Court to consider the relative culpability and bad faith of the parties. Here, the Court found that the Amended Order that is the subject of this action

-2-

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

could not be a QDRO, in part because it would have required the Plan to pay an increased benefit.  The fact that the issues were resolved against defendant does not necessarily lead to a finding that defendant acted in bad faith.  However, defendant participated in the drafting of the Amended Order which she should have known would violate ERISA.[2]  The defendant knew that the Amended Order called for the assignment of a sum that far exceeded the balance in intervenor's Plan account.  As such, it was clear that the Amended Order could not be a QDRO because it would have required the Plan to pay an increased benefit.  Nevertheless, in disputing that compliance with the Amended Order would result in payment of an increased benefit, defendant persisted with the meritless contention that the Plan could comply by simply transferring intervenor's entire account balance to her now and paying the remainder as future contributions to the account were made.  Had the defendant not insisted on a division of the retirement benefits in a manner inconsistent ERISA, it is likely that this lawsuit would not have been filed.

As to the second factor, neither party has addressed the question of the opposing party's ability to pay an award of attorneys fees.  Defendant flatly asserts that Gary Davis is financially able to pay his own attorneys fees.  However, because she is the party opposing the motion, the focus is on her ability to

---

[2]Defendant asserts that she was merely seeking to enforce the court order that had been affirmed by the state appellate court.  However, the issues before the Missouri Court of Appeals on review of the dissolution proceedings did not include consideration of whether the Amended Order violated ERISA.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

pay, not his.  For his part, intervenor makes no assertion of defendant's ability to pay.  Consequently, it cannot be said that the second factor weighs in favor of either party.

The third <u>Westerhaus</u> factor directs the Court to consider whether an award of attorneys' fees would deter other persons acting under similar circumstances.  The Court believes that the possibility of having to pay attorneys' fees would be a deterrent to a prospective claimant who, by obtaining a court order, seeks to compel a plan fiduciary to violate ERISA.  Also, by filing this declaratory judgment action, Alberici protected itself, the Plan, and Plan participants from future lawsuits, monetary loss, and other issues that may have resulted from enforcing the Amended Order as a QDRO.  Therefore, the fourth <u>Westerhaus</u> factor weighs in favor of an award of attorneys' fees.

The fifth factor requires consideration of "the relative merits of the parties' position."  Here, the defendant's position was that the Plan was obligated to comply with the state court order, and that the declaratory judgment action was little more than an attempt to alter the order and reduce the amount awarded to defendant in the dissolution action.  Alberici had a fiduciary duty to protect the assets of the Plan by ensuring that distributions were made in accordance with ERISA.  Clearly, little merit can be accorded to defendant's insistence that the fiduciary blindly comply with a court order, even if doing so would constitute a breach of duty.

After consideration of all the <u>Westerhaus</u> factors, the Court concludes that an award of attorneys' fees is justified in this case.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

In determining a "reasonable" fee award, the court begins by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). A reasonable hourly rate is calculated based on the attorney's regular hourly rates as well as the prevailing market rates in the community. Blum v. Stenson, 465 U.S. 886, 896 (1984); H.J. Inc. v. Flygt Corp., 925 F.2d 257, 260 (8th Cir. 1991). In determining a reasonable hourly rate, the Court may consider the skill of representation, difficulty of work performed, counsel's experience, and counsel's reputation. Hensley, 461 U.S. at 433. The award may be reduced where documentation is inadequate or to exclude excessive, redundant, or unnecessary hours. Id. The Court should also take into consideration plaintiff's degree of success, reducing the award to account for limited success. Id. at 436-37.

At the direction of the Court, intervenor Gary Davis has submitted a verified statement of the attorneys fees he has incurred in this action.[3] The statement shows the amount of time spent for each item of service performed and the charge for each item.[4] The Court finds that the total number of hours expended by intervenor's attorneys and the hourly billing rates are reasonable.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of plaintiff-intervenor Gary Davis for attorneys' fees [#59] is granted.

---

[3]Defendant has not challenged the verified statement.

[4]The statement does not set forth the hourly rate charged by each attorney. Consequently, the hourly rate has to be calculated based on the amount of time spent and the charge for each entry.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS FURTHER ORDERED** that defendant Helen Davis shall pay attorneys' fees to plaintiff-intervenor Gary Davis in the amount of $9,482.08.

```
                              _____
                              CAROL E. JACKSON
                              UNITED STATES DISTRICT JUDGE
```

Dated this 12th day of September, 2006.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com